## WELLS vs. WELLS.

APPEAL from the court of the sixth district, the judge of the seventh presiding.

PORTER, J. delivered the opinion of the court. The plaintiff states, he was in peaceable possession of five slaves, in virtue of a lease from Thomas Jefferson Wells, and that the defendant took forcible possession of them, by which the petitioner suffered damage to the amount of two thousand dollars.

The defendant avers, that the property in question was owned by his brothers, Thomas Jefferson Wells, and Madison Wells, the latter of whom was a minor, represented

Nothing prevents a man, who has the right of possession, from taking into his hands the object which is subject to it, nor is there any necessity for his asking or obtaining the consent of a person who has no right of possession, although that person may have the possession of the thing.

by his curator, S. E. Cuney, and that the curator had intrusted the defendant with the management of the minor's property, of which the defendant had possession one year before the plaintiff illegally got the slaves, and appropriated their services to his use.

That, under a contract with the brother, Jefferson Wells, the defendant had possession of that portion of the slaves which belonged to him, for one year prior to the time the plaintiff alleges he got possession thereof, and that, by contract with said Jefferson, the defendant had a right to retain them one year more. That by the illegal act of the plaintiff, interrupting defendant's possession, he has sustained $500 damages, for which he prays judgment in reconvention.

The cause was submitted to a jury, who found a verdict in favour of the plaintiff for $1,000, which the court below confirmed, notwithstanding an application of the defendant for a new trial. He appealed.

In this court, and we perceive, in the court below, the defendant has rested his defence on the fact of his having possession of the property previous to the time it came

into the possession of the plaintiff, and that the contract, by which the latter hired it from Jefferson Wells, as alleged in the petition, was conditional, and depended on the defendant consenting to it.

The plaintiff has insisted, that his contract was simple and unclogged by any condition, and that, at all events, having possession of the slaves, the defendant could not retake them forcibly, without being responsible in damages. That if the plaintiff's possession was an illegal or tortious one, the defendant's remedy was by an action at law: he had no right to do justice to himself.

The evidence in the cause shows, that the defendant was absent from home, when the plaintiff took the slaves; that immediately after his return, he applied to the latter to give them up, and on his refusal, which was on the public road, the defendant called out to the slaves, who were at work in the field, to return to his house.

On the trial, the judge, among other things, charged the jury, "if the jury find, that while the plaintiff was in the peaceable and honest possession of the negroes, even without a right so to possess, and the defendant, without legal

West'n. District.
*October*, 1829.

W ELLS
*vs.*
W ELLS.

authority, forcibly, or without the consent of the plaintiff, dispossessed him of the negroes, the defendant is liable.   He is liable, on the ground, that he cannot, without the interposition of law, to which every citizen of the land must resort for a redress of grievances for any wrongs done him.   The courts are open to the defendant for a like remedy, on the plaintiff's first possession, and he is, by parity of reasoning, entitled to damages, if it be a wrongful, tortious or violent one."

In support of this opinion, the counsel for the plaintiff has cited several authorities to show, that no man can use force or violence to redress injuries, inflicted on him, and among others, the well known law of the *Recopilacion*, which declares, that the owner of property who regains possession of it by force, forfeits all right therein.—*Nueva Recopilacion, liv.* 4, *tit.* 13, *ley.* 1.   And he has read from the *Partidas* and *Pothier* to establish, that it is of no moment how the force or violence is exercised, provided it deprives the possessor of the object.—*Pothier traite de la possession no.* 24.   *Pa. tit.* 10, *ley.* 1.

Admitting these authorities to their full extent, there exists in law, as there must do in

the nature of things, a difference between a peaceable taking of possession, and that which is otherwise; and certainly all acts, by which the person entitled to possession retakes it, when lost, cannot be considered as acts of violence, although without the act, the possession would not be regained. In the present case, the judge charged the jury, "that if, while the plaintiff was in peaceable and honest possession of the negroes, *even without a right so to possess*, the defendant, without legal authority, forcibly, *or without the consent of the plaintiff*, dispossessed him of the negroes, the defendant is liable." We think the doctrine is laid down too broad in this opinion, and that, under the circumstances of the case, it had a tendency to lead the jury into error. To that part of it, which declared the defendant to be liable, if he resorted to force, no objection can be made. But that portion of it, which conveyed to the jury the idea, that the plaintiff, though he had not a right to possess, could recover damages from the defendant, for taking possession of the property, without the plaintiff's consent, although the defendant might have the right of possession, was erroneous. Nothing in our law prevents

a man, who has the right of possession, from taking into his hands the object which is subject to it, nor is there any necessity for his asking or obtaining the consent of a person who has no right of possession, although that person may have the detention of the thing.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; and it is further ordered, adjudged and decreed, that the cause be remanded to the district court, with direction to the judge not to charge the jury "that the defendant is liable to the plaintiff, for taking possession of the slaves, mentioned in the petition, without the plaintiff's consent, although the plaintiff had no right of possession therein;" and it is further ordered, that the appellee pay the costs of this appeal.

*Wilson* and *Bowen* for plaintiff, *Thomas* and *Flint* for defendant.